BAYEAUX *vs.* BAYEAUX and others.

Where a testator attempted to dispose of his property by will, but the will was so inartificially drawn that it was impossible to arrive at any satisfactory conclusion as to what estates or interests in his property he intended to give to his wife and children respectively, or to any one of them; *Held,* that the will was void, except as to the appointment of the testator's wife as executrix of the will, and as the testamentary guardian of his children; which fiduciary characters were given to her by implication.

The bill in this cause was filed by the widow, and administratrix with the will annexed, of H. F. Bayeaux, deceased, for the purpose of obtaining a construction of his will. The testator died at the city of Troy, in March, 1839, leaving a widow and three infant children, who are the parties in this cause. By his will, made a few months before his death, he disposed of his property as follows :

*" First.* All my property of whatever kind and description, whether real or personal, I give unto my wife Martha L. Bayeaux, in trust, charging thereupon the payment of all just debts against me, and subject to her sole, entire, and absolute control, as it regards the settlement thereof and the income that may arise therefrom ; feeling the fullest assurance that she will act honestly and discreetly, and so as to advance the best interest of herself and children. And I charge solemnly upon her that should she ever be so unfortunate as to have a child that should so far forget that kind, affectionate and tender treatment that is due to a mother, as to treat her with disobedience, and possibly with contempt, then and in that case I charge upon said Martha that she withhold from said child a part, or if need be, all participation in any benefit of said property, or income arising therefrom, until said child shall return to duty.

*Second.* It is not my wish or intention that any property hereby disposed of shall in any event be bestowed to advance the interest of any relations of my wife before my marriage with her, leaving her free to act in regard to her

April 21.

father agreeably to the dictates of her own conscience and the obligations imposed upon her in this instrument.

"*Third.* The provisions herein made and contained are intended to embrace not only the children we now have, but also all that may be alive at the time of my decease. In the event of the second marriage of my wife during the minority of our aforesaid children, I hereby constitute and appoint Jonas C. Heartt my trustee ; giving him full power to invest, according to the dictates of his own judgment, any property of whatever description that may belong to my estate for the benefit of my heirs ; the proceeds or income arising therefrom subject to the control of my aforesaid wife Martha L. Bayeaux, in the manner before mentioned in article first of this instrument.

"*Fourth.* I charge upon my children in every possible case, and under all circumstances, never to make a matrimonial engagement, or bind themselves to any individuals by promise of marriage, without full parental approbation and consent, as it regards the favored individual. And while I consider it unjust as well as unwise, for any parent to coerce, or to attempt forcibly to induce a child to marry an object it cannot love, so do I also deem it without any possible excuse on the part of the child to marry without the full consent of the parents. And in the event of disobedience on the part of my child in this respect, my wish, desire, and intention is to cut that child off from any participation of the benefits arising from any property I may leave at my decease, of every kind and descption whatever.

"*Fifth.* In the event of the death of my said wife Martha, during the minority of my children, I hereby constitute and appoint my friend Jonas C. Heartt, my sole executor ; and hereby empower him, or if in consequence of his much business he cannot himself act, require him to appoint some trusty and proper person to take charge of and manage said property under his general direction and superintendence ; and dispose of, invest, or employ said property as shall, in his judgment, best advance the interests of my said heirs."

The doubts which arose upon this will, and in reference to which the complainant asked the construction of the court, were 1st. Whether the testator had made any, and if any, what legal or valid disposition of his real and personal estate, or of either ? 2d. Whether any, and if any, what legal or valid trusts were created by the will ? 3d. Whether the complainant, either as devisee or as administratrix with the will annexed, was authorized to sell and convey, or to lease the real estate of the testator ? and 4th. What interests the complainant and the defendants respectively took in the testator's property under the provisions of the will ?

*D. Buell*, for the complainant.

*G. R. Davis*, for infant defendants.

THE CHANCELLOR. It is very evident that this will was either drawn by the decedent himself, or by some other person equally ignorant not only of legal language but of legal principles. It is, therefore, very difficult to form any opinion from the will what disposition the testator intended to make of his property. Taking the first section of the will by itself it would appear that he must have intended to give the whole estate to his wife, at least during her life ; trusting to her to apply the income thereof for the support of her children or otherwise, as she might deem proper ; but making no disposition of the property after her death. But the *third* section, which provides for the appointment of a trustee to protect the property for the separate use of the wife, in case of her re-marriage during the *minority* of the children, and which makes no provision for the case of a re-marriage after they are of age, seems to be inconsistent with the idea that she was to enjoy the whole income of the property for life. And the *fifth* section clearly shows that the testator did not suppose that by any of the previous clauses of the will he had given to the wife his property absolutely in fee. Upon

1840.

Baycaux
v.
Bayeaux.

the whole, I think, the testator had no distinct conception of the nature or extent of the interests which he was giving to his wife and children in his property, by this anomalous will. And that the different characters of executrix, trustee, and testamentary guardian have been mingled together by him, in this attempt to put his children and their property under the absolute control of their mother during their minority. He also appears to have had some confused idea of a power in trust to take the property from the children and give it to others, in case of disobedience, or upon their marrying without the consent of their mother. But, even that power is not given in such a way that it can be effectually exercised; as the mother is not authorized to appoint the property to others in such a case. And a power to keep the property herself, by withholding her assent to the marriage of her child, would probably be invalid, and inconsistent with the principles of public policy; as it might operate as an inducement to her to withhold her consent to a proper marriage.

I therefore conclude that the testator has, by implication at least, appointed the complainant the executrix of his will, during her widowhood and the testamentary guardian of the property of the children during their respective minorities. But that he has made no legal or valid disposition, by his will, of any part of his real or personal estate. The real estate, therefore, belongs to the defendants, subject to their mother's right of dower therein; and they are also entitled to two thirds of the personal estate after payment of debts and the expenses of the administration. The complainant must account with them accordingly as they respectively arrive of age. And, in the meantime, she is authorized to rent the real estate and invest their respective shares of the personal estate, and to receive the income thereof for their use, as testamentary guardian.

A decree must be entered, declaring the construction of the will accordingly; and directing the costs of both parties to be paid out of the personal estate of the testator.