. ، Levi H. Gale v. J. W. Thompson.

Appeal from the District Court of the First District, *Buchanan*, J.

*Carter*, for the appellant.

*Benjamin*, for the defendant.

Bullard, J.   The plaintiff is appellant from a judgment rejecting his claim for damages against the defendant, captain of the ship Bowditch, for the non-performance of his contract to pay the plaintiff commissions for procuring a full freight for his vessel to Havre.   The plaintiff, who is a ship broker, alleges that he offered to comply with the contract on his part, but that it was violated on the part of the defendant.   It is not disputed that the full freight would have amounted to upwards of twenty thousand dollars ; and the commission was five per cent.

We concur in opinion with the Judge of the District Court, that the commissions were promised upon condition, that the plaintiff should furnish guarantees of shippers, for a full freight at two and a half cents per pound for cotton.   The only question, therefore, is, whether such guarantee was furnished.   The document which it is contended amounts to a guarantee for the balance of the freight not previously engaged, is signed by the plaintiff himself. It is in the following words : " I hereby agree to fill up the ship Bowditch, all over and above one thousand bales at two cents and one half a cent freight, for Havre."   On the back of this paper is the signature of F. Ganahl & Co.   The latter refused to give any explanation as to their intention when they endorsed the paper. Admitting that the holder of such an instrument, would have a right to fill up the blank with any promise not inconsistent with

that expressed on the face of it, yet it would amount, in this case, to nothing more than a securityship, or an engagement to guaranty the contract made by the plaintiff. But it appears to have been the guarantee of shippers which was required, and not mere security that the plaintiff would comply with his contract to procure a freight. The instrument does not set forth any new contract on the part of Gale. It merely expresses in writing his previous promise to procure a full freight. It is not pretended that he had any cotton of his own to ship, nor did Ganahl & Co. engage to ship the balance of the cotton over and above one thousand bales. But even supposing this was substantially the guarantee required, and that the offer of a check for $3000 to complete the full, guarantee, was, *pro tanto*, a compliance with the condition, yet it does not appear to amount to a full guarantee for the entire cargo, because there was no positive agreement on the part of Chatenat to ship five hundred bales, which would have completed the cargo. The number of bales he was to furnish was not definite.

Upon the whole, we are not satisfied that the court erred.

*Judgment affirmed.*