By the Court:

Jones, J.
It is perfectly clear that the instrument in question is not a draft, nor any description of negotiable mercantile paper.
It was, therefore, necessary to prove a consideration for the acceptance before the defendant could be held liable.
Ho such proof had been offered at the time the plaintiff rested" his case. The motion to dismiss the complaint should, therefore, have been granted.
If, however, it was perfectly clear from conceded facts subsequently appearing that there was a consideration for the acceptance, the judgment might be sustained.
So, also, if the referee had found as matter of fact upon conflict of testimony that there was consideration for the acceptance, the judgment would be sustained.
The difficulty is that there was conflict of evidence on the subj ect of consideration for the acceptance, upon which the referee might well have found either that there was a consideration or that there was not; but he has not found either way on this disputed question of fact.
It is evident, from his denial of the motion to dismiss and his findings, that his judgment is based on the ground that the instrument imported a consideration, and it was unnecessary for the plaintiff to prove one aliunde. This is an incorrect view; and it results that his findings of fact do not support his conclusion of law.
It is not the office of the General Term to determine, in the first instance, disputed questions of facts. Those must be determined in the court below. We cannot here, for the first time, pass *367 on the conflict of testimony and decide this important question of fact. Our sole authority over questions of fact is to set aside a finding of fact when the evidence is such that the tribunal below should, as matter of law, have held there was not evidence to warrant it.
There is a marked difference between a general verdict and the findings of a referee. A general verdict finds all disputed questions of fact in favor of the party for whom the verdict is given, except such as the judge at the trial may have expressly withdrawn from the jury. The findings of a referee, on the contrary, determine only those disputed questions on which he expressly finds, or which are, by necessary implication, included in some one of his findings of fact.
It being then necessary, to support this judgment, that the plaintiff should aver and establish a consideration for its acceptance, and the question whether there was a consideration or not being a disputed question of fact on which there was a conflict of testimony which would sustain a finding either way, and the referee not having found, either expressly or by necessary implication, on this disputed question of fact, it follows that an essential element in the plaintiff’s cause of action is wanting.
Judgment reversed, with costs to the appellant to abide the event, order of reference vacated, and new trial ordered.