ENOS RICHARDSON, Appellant, *v.* GEORGE CARPENTER, Respondent.

Defendant had in his hands for collection a claim, one-half of the proceeds of which he had agreed to pay plaintiff. One M. drew an order upon defendant, requesting him to pay plaintiff $500 out of the other half when collected, which order defendant accepted, and upon the acceptance

plaintiff paid to M. the amount of the order. Defendant collected upon the claim $1,050.

*Held*, that the acceptance of the order was an admission by defendant, that the moiety of the collection not agreed to be paid to plaintiff belonged to M., and was an undertaking to pay such moiety to plaintiff, not exceeding $500.

(Argued December 4, 1871; decided December 12, 1871.)

APPEAL from order of the General Term of the Superior Court setting aside judgment entered on report of referee, and granting a new trial.

The action was brought on the following order:

"NEW YORK, *February* 14, 1868.

"Mr. G. Carpenter, 13 Chambers street.—Please pay E. Richardson, Esq., or order, $500 for value received, besides the amount stipulated to pay Mr. R. out of the proceeds of the claim against the Peabody estate, now in your hands to collect, when the same shall have been collected by you.

"Respectfully yours,

"H. B. MELVILLE."

This order was accepted by defendant February 24, 1868, and upon the acceptance the plaintiff advanced to Melville the amount mentioned in the order.

The answer admitted the order and acceptance, and that the net proceeds of the claim referred to was $1,050. The answer further alleged that defendant was induced to accept the order by the false representations of Melville as to amount of claim, and also contained the following statement: "And defendant says the plaintiff well knew the circumstances under which said draft was accepted, and that in the whole matter he acted in concert with the said Melville to obtain from said defendant the whole amount of said money so collected on said judgment for the benefit of the said Melville and himself, and to deprive this defendant from applying same so received toward the payment of the large indebtedness of the said Melville to said defendant."

That one-half, $525, defendant paid to plaintiff under the agreement.

Plaintiff had been a partner in the firm of Palmer, Richardson & Co. Said firm had a judgment against David and Henry B. Melville, recovered in June, 1854, for $2,809.68. David lived in Texas, and Henry B. Melville in New York. A judgment has been recovered by Melville & Co., in Texas, against one Peabody's estate, and the money was in the Probate Court, at Brownsville, Texas. Henry B. Melville was a client of the defendant in this action, and gave him the information; also, that Richardson did not want to go to any expense, and would give defendant one-half that he collected if he would undertake it. Carpenter called on Richardson, made the agreement, obtained an absolute assignment of the judgment to him, and defendant gave back to plaintiff an agreement to pay him one-half of the net proceeds collected. This agreement is dated August 24, 1866.

In September, 1868, the defendant received $1,050 as net proceeds, and paid plaintiff one-half, viz., $525. About three-quarters of an hour subsequently, plaintiff presented the draft for payment. Defendant then repudiated it as without consideration, and obtained by fraud. At the close of plaintiff's evidence defendant's counsel moved to dismiss the complaint, on the ground—

1st. That there is no evidence that there were any funds in the hands of defendant applicable to the payment of this draft.

2d. It is not proved that the defendant had collected any money from the Peabody estate belonging to Melville, the drawer of the draft, or to which he was in any way entitled.

3d. That there is no evidence of consideration for the draft, but on the contrary it appears there was no consideration.

The motion was denied, and defendent excepted.

Further facts appear in the opinion.

The referee found in favor of the plaintiff for the amount of the order and interest.

*Thomas H. Hubbard,* for appellant. The words, " for value received," *prima facie* evidence of consideration. (*Walrad*

v. *Petrie*, 4 Wend., 575; *Jerome* v. *Whiting*, 7 Johns., 321; Edwards on Bills, 169, 421; *Grant* v. *Morse*, 22 N. Y., 323.) The judgment should have been permitted to stand, even if there had been no finding that there was a consideration. (*Viele* v. *The Troy and Boston R. R. Co.*, 20 N. Y., 184, 186; *Otis* v. *Spencer*, 16 id., 610.) The General Term may make any reasonable inference from the evidence to support the decision of the referee. (*Grant* v. *Morse*, 22 N. Y., 323; *Spencer* v. *Ballou*, 18 id., 327, 333.) Defendant is estopped from denying his promise, or setting up want of consideration. (*Kemble* v. *Lull*, 3 McLean, 272; Wendell's Blackstone, vol. 2, p. 445, note 12, and cases there cited; Kent's Com., vol. 2, p. 465.) Defendant's acceptance an equitable appropriation of the fund for the purposes mentioned in the order. ( *Vreeland* v. *Blunt*, 6 Barb., 182.)

*D. T. Walden*, for respondent. The draft was not a bill of exchange. (*Atkinson* v. *Manks*, 1 Cow., 692, 707; *Cook* v. *Satterlee*, 6 id., 108; *Worden* v. *Dodge*, 4 Denio, 159; *Lowery* v. *Stevens*, 3 Bosw., 505; Story on Bills, § 46.) It was necessary to show consideration between Melville and defendant. (*Atkinson* v. *Manks*, 1 Cow., 692, 707; *Ford* v. *Adams*, 2 Barb., 349.) The referee's conclusions of law are not sustained by his findings of fact. (*Manly* v. *Ins. Co. of N. A.*, 1 Lansing, 24; *Smith* v. *Devlin*, 23 N. Y., 365, per MASON, J.; *Buckingham* v. *Payne*, 36 Barb., 81, 87; *Armstrong* v. *Bicknell*, 2 Lansing, 217, 221; *Voorhis* v. *Voorhis*, 50 Barb., 119, 124.) The sole question here is, whether the court below erred, as matter of law, in its decision on defendant's exceptions, and in setting aside the referee's report. (Code, §§ 268, 272; *Rice* v. *Isham*, 1 Keyes, 46; *Bush* v. *Lee*, 36 N. Y., 49; *Thompson* v. *Meuck*, 2 Keyes, 82; *Baldwin* v. *Van Durze*, 37 N. Y., 487; *Case* v. *Philips*, 39 id., 164.) The order was *nudum pactum*. (Edwards on Bills, 171; Story on Bills, § 63; *Grant* v. *Da Costa*, 3 Maule & S., 351, per Lord ELLENBOROUGH; *Cox* v. *Scade*, 3 Denio, 8.) The language of the instrument did not estop defendant from

denying his obligation on the acceptance. (*Clark* v. *Sissons*, 22 N. Y., 312, 316 ; *Hutchins* v. *Hebbard*, 34 id., 24, 27.)

Grover, J. The money was payable out of a particular fund. It was not, therefore, a draft, within the law-merchant ; and the mere acceptance did not, of itself, create a presumption of a sufficient consideration. The fair import of the words, "for value received," contained therein, is, that such value had been received by the drawer, and not by the acceptor. The order drawn by Melville upon the defendant requested him to pay the plaintiff, or order, $500, besides the amount stipulated to pay Mr. R. (plaintiff meaning), out of the proceeds of the claim against the Peabody estate, then in his hands, to collect when the same should be collected by him. The acceptance by the defendant of this order was an admission by him, that he had in his hands for collection a claim against the Peabody estate, a portion of the proceeds of which, if collected, belonged to Melville ; and the acceptance by him of the order was an undertaking by him to pay such portion to the plaintiff, not exceeding $500. The answer of the defendant shows what this claim against the Peabody estate, referred to in the order, was, and states the amount to be, by the stipulation, paid to the plaintiff, which was, one-half the amount collected. The answer admitted the collection upon the claim, by the defendant, of $1,072, and avers that, after deducting twenty-two dollars for disbursements, he paid the plaintiff $525 under his agreement. The acceptance of the order was an admission by the defendant, that the proceeds of the collection belonged to Melville, over and above what, by the agreement, he was to pay the plaintiff, and his charges for collection. It appearing, by the averments of the answer, that such proceeds amounted to more than $500, the amount of the order, the liability of the defendant to the plaintiff for the latter amount upon the order was established. That this claim of Melville, in the hands of the defendant for collection, was a sufficient consideration for his acceptance of Melville's order to pay the proceeds to the plaintiff, when collected, is too

clear for discussion.    The counsel for the respondent concedes this, and the majority of the General Term, by whom the judgment upon the report of the referee was reversed, do not question it; but the latter overlooked the fact that the acceptance of the order by the defendant was an admission by him of Melville's interest in the claim.    It follows, that the exception of the defendant to the refusal of the referee to dismiss the complaint, upon the ground that there was no consideration for the acceptance, was not well taken.    The defendant then testified that Melville had no interest whatever in the claim; that the only agreement made by him in relation to the claim was with the plaintiff; and the assignment of the judgment by the plaintiff to the defendant, which laid at the foundation of the claim against the Peabody estate, was introduced in evidence, from which it appeared that the defendant was to pay the plaintiff one-half of the amount collected, after deducting his costs and charges for the same, and was not to receive anything from the plaintiff for such costs, etc., in case nothing was collected.    The defendant further testified that he was to retain the residue for his own use.    He further testified that he was induced to accept the order, by the representation of Melville to him, that the sum he would collect would amount to $4,000, in the belief of which he would pay $500 for Melville's benefit; that all he collected was the $1,072.    Melville denied all this, and testified that he procured the plaintiff to make the assignment to the defendant, who previously had agreed with him to accept the same, and collect the claim, and account with him for the proceeds not payable to the plaintiff. This accords precisely with the admission of the defendant, by his acceptance of the order.    In this connection, it will be well to consider the following statement in the defendant's sworn answer: "And defendant says that the plaintiff well knew the circumstances under which said draft was accepted, and that, in the whole matter, he acted in concert with the said Melville to obtain from the said defendant the whole amount of said money so collected on said judgment, for the benefit of the said Melville and himself, and to deprive this

defendant from applying the same so received toward the payment of the large indebtedness of the said Melville to said defendant." This is wholly inconsistent with his testimony on the trial, to the effect that Melville had no interest in the claim. The report of the referee contains no express finding by him upon this evidence; but no one can fail to perceive that the decided preponderance of the evidence was that Melville did have the interest in the claim as claimed by the plaintiff, and that a finding that he did not have such interest would have been against the weight of the evidence. It requires no citation of authorities to show that it was the duty of the appellate court, under these circumstances, to assume, in support of the judgment of the referee, that he found that Melville had the interest in the claim as insisted by the plaintiff. The order of the General Term must be reversed, and the judgment upon the report of the referee affirmed, with costs to the appellant.

All concur.

Judgment accordingly.