By the Court.—Freedman, J.
—The conflict of opinion prevailing among the courts of the different States, as to the nature of the contract implied by a blank indorsement of a promissory note before delivery to the payee, is quite extensive.
In the case of a negotiable note, it has been repeatedly held in this State, that a person making such an indorsement is presumed to have intended to become liable as second indorser, and that on the face of the paper, without explanation, he is to be regarded as second indorser, and as such not liable upon the note to the payee, who is supposed to be the first indórser j *184 but that such presumption may be overcome by parol proof that the indorsement was made to give the maker credit with the payee (Coulter v. Richmond, 59 N. Y. 478; Smith v. Smith, 37 N. Y. Superior Ct. 203).
In the case of a non-negotiable note, the obligation assumed by such an indorsement must, of necessity, be either that of maker or that of guarantor, and the better opinion in this State seems to be that the contract should be construed as an absolute promise tó pay as a maker of the note (Richards v. Waring, 39 Barb. 42; affirmed 1 Keyes, 576).
In both cases, however, the maker is presumed to have made the note upon a sufficient consideration.
Thus, although bills and notes almost always contain the words “ valúe received,” and although it was formerly thought necessary to insert them, and that an instrument without them would' not be a bill of exchange, it has long been settled that they are immaterial, and a consideration is equally presumed to exist without them or with them (1 Parsons on Notes and Bills, 193, and cases there cited).
That the same presumption exists in regard to bills and notes without words of negotiability, has been distinctly held, in Downing v. Barkenstoes, 3 Caines, 137; Goshen Turnpike Co. v. Hurtin, 9 Johns. 217; Bank of Troy v. Topping, 13 Wen,d. 557).
The decisions in these cases rest upon the statute (1 R. L. 151; 1 Rev. St. 768), by which all notes in writing, made and signed by any person, and containing a promise to pay any sum of money therein mentioned, are made due and payable as therein expressed, and are to have the same effect, and are made negotiable in like manner, as inland bills of exchange, according to the custom M merchants, no matter whether the promise be to pay to the payee personally, or to his order, or to the order of the maker, or unto the bearer (§ l). The statute further provides that the payees *185 . . . of every such note payable to them or their order, . . . may maintain actions for the sums of money therein mentioned against the makers . . . of the same in like manner, as in cases of inland bills of exchange, and not otherwise (§ 4).
It was therefore distinctly laid down in Goshen Turnpike Co. v. Hurtin, and Bank of Troy v. Topping, (supra), that the presumption stands good until the defendant destroys it, and hence that it is not requisite that a consideration should appear upon the face of the note, or be pleaded.
It is only in the case of instruments which either do not fall within the statute, or which contain in themselves something which destroys the presumption, that a different rule applies. Thus, in Prindle v. Caruthers (15 N. Y. 425), the instrument on which the complaint was founded was not a promissory note, because it was not payable at all events. If neither Henry Caruthers nor his wife had survived till the first day of April, succeeding the making of the instrument, nothing would ever have been payable upon it. It was held necessary, therefore, that the promise should appear from the complaint to have been made upon consideration. Inasmuch, however, as the complaint set forth the instrument in full, and the same purported to have been made for value received, the court came to the conclusion that a consideration had been sufficiently alleged. So in Spear v. Downing (12 Abb. Pr. 437), the instrument sued upon was not a promissory note, payable at all events, and as its language rather negatived than supported the presumption of a legal liability, the court held that, though the instrument was pleaded in full under section 162 of the Code, the absence of any allegation showing a consideration was a fatal defect. In Richardson v. Carpenter (2 Sweeny, 360, and 46 N. Y. 660), the discussion took place upon the proofs, and not upon the plead *186 ings. The money was payable out of a particular fund, and therefore the instrument was not a draft within the law merchant. The remarks made in the course of that discussion by Monell, J., in this court, and by Grover, J., in the court of appeals, were to about the same effect as the decision in Spear v. Downing.
A promissory note, in order to fall within the statute, must consist of a written promise to say a certain sum of money, at a future time, unconditionally and at all events. It must not depend on any contingency, nor be payable out of any particular fund. The note in suit comes fully up to these requirements. It is a written promise to pay to the plaintiff the sum of $1,000 one year from the date thereof, absolutely and unconditionally.
The learned judge below was therefore correct in holding that, “ inasmuch as it appears from the complaint that one of the two defendants made the note in suit in favor, but not to the order, of the plaintiff, the payee therein named, that the other defendant indorsed it, and that it was thereupon delivered to the plaintiff, and inasmuch as such an indorsement before delivery imports the liability of a maker, these averments, taken together, must be deemed equivalent to an allegation that the two defendants made the promissory note, and that both are jointly liable as makers thereof. Although not negotiable, the instrument is a promissory note, and as such imports a consideration, though none is expressed. Want of consideration is matter of defense.”
The appellant insists, however, that the effect of his indorsement is to be determined according to the laws of Hew Jersey, where the note was made ; and that, upon this point, the rule of law stated in Richards v. Waring (supra), is not the law of that State. This question, it seems to me, is not involved in the present *187 appeal, which presents simply a question of pleading that must be determined according to the course of practice prevailing in the courts of this State. In the absence of proof to the contrary, it will be presumed by the courts of this State, that the law of another State, in regard to a subject-matter before the court, in the same as the law in this State (Leavenworth v. Brockway, 2 Hill, 202; Cheney v. Arnold, 15 N. Y. 353; Robinson v. Dauchy, 3 Barb. 21, 29; Hoffman v Carow, 22 Wend. 324).
The order should be affirmed, with costs.
Curtis, Ch. J., concurred.