TISDALE LUMBER CO. v. PIQUET et al.

(Supreme Court, Appellate Division, Second Department. November 1, 1912.)

1. BILLS AND NOTES (§ 151*)—NEGOTIABLE INSTRUMENTS—NATURE OF INSTRUMENT—"NEGOTIABLE BILL OF EXCHANGE."

An instrument directing the drawee to pay to the order of the payee named a specified sum to be deducted from money due the drawer on loans, and accepted by the drawee, is not a negotiable bill of exchange within Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 210, defining a bill of exchange as an unconditional order in writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand or at a fixed or determinable future time a sum certain in money to order or to bearer, but is only an equitable assignment of moneys due or to become due from the drawee to the drawer, and liability arises either if the proceeds of the moneys to be advanced on the loans come into the drawee's hands, or if through some act on his part performance of the contract out of which such funds might have otherwise arisen was prevented, and the payee may not recover on the instrument in the absence of evidence establishing either of such facts or an estoppel.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 380–387; Dec. Dig. § 151.*]

2. ASSIGNMENTS (§ 135*)—EQUITABLE ASSIGNMENTS—ACTIONS—EVIDENCE.

Where the payee sued on an instrument directing the drawee to pay to the order of the payee a specified sum to be deducted from money due the drawer on a loan on real estate, and there was nothing in the instrument to indicate whether the loan was to be secured by first mortgages on the real estate or other junior mortgages, and the evidence showed that no first-mortgage proceeds came into the hands of the drawee, evidence that the drawer placed second mortgages on the land through the drawee was admissible, since if junior mortgages were placed on the property, and the proceeds thereof came into the hands of the drawee, and were paid over by him to the drawer, a prima facie case of liability would be established.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 232; Dec. Dig. § 135.*]

Appeal from Trial Term, Queens County.

Action by the Tisdale Lumber Company against Albert W. Piquet and another, copartners. From a judgment dismissing the complaint on the merits, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and RICH, JJ.

Easton S. Bacon, of New York City, for appellant.
R. W. Kellogg, of Jamaica, for respondents.

BURR, J. Plaintiff, a corporation, was organized April 10, 1910. Prior to that one Josiah B. Tisdale had been carrying on the lumber

business at Astoria, and, when the corporation was organized, he assigned to it all of his assets connected with said business, including any claim which is the subject of this action. On March 15, 1910, one Louis Schwartz signed and delivered to said Tisdale a written acceptance of an estimate previously submitted by him to furnish, for the sum of $4,500, lumber and trim to be used in the construction of five 2½-story frame houses, situated on the southwest corner of Liberty avenue and Baltic street, in Jamaica, borough of Queens, title to which property was at that time in the name of said Schwartz. On the same day Schwartz executed and delivered to Tisdale a paper writing in these words:

"March 15, 1910.

"Piquet & Piquet
    "354 Fulton Str
    "Jamaica, L. I.

"Pay to the order of J. B. Tisdale of 124 Remsen Str, Astoria the sum of $4500.00. The same to be deducted from money due me on loan on the 5 houses on South West corner of Liberty Ave and Baltic St., Jamaica, Owned by Louis Schwartz. The amounts are to be paid as follows:

"$ 900.00 when buildings are rough enclosed
" 1800.00      "       "        " brown mortared
" 1800.00      "     . "        " complete

"Louis Schwartz.

"Accepted: Piquet & Piquet. AP."

There is no dispute that these latter words were in the handwriting of one of defendants. Thereafter Tisdale, or plaintiff as his successor in the business, furnished to Schwartz the material called for in said estimate and acceptance, and the buildings therein referred to were completed on or about July 18, 1910. Prior to that date the sum of $1,800 was paid by Schwartz on account of the amount due for materials furnished. Nothing else has ever been paid on account thereof, and Schwartz subsequently went into bankruptcy, and has disappeared. This action is brought upon the written instrument given by Schwartz to Tisdale to recover the balance unpaid for the materials furnished. Application for loans secured by first mortgages upon each of said houses was made by defendants in behalf of Schwartz to one William C. Roe. This application was accepted, and the loans, aggregating $11,000 in amount, were made by various clients of said Roe, who received mortgages as security therefor. The entire amount of these loans was paid by Roe directly to Schwartz, except that a certain sum was retained by him to cure a flaw in the title, and another amount for his expenses in negotiating the loan and examining the title. Out of the latter sum defendants received $110, being 1 per cent. of the amount of the loan, for their commissions in connection therewith.

These facts appearing at the close of plaintiff's case, the trial court granted a motion to dismiss the complaint. From the judgment thereupon entered, and an order denying a motion for a new trial, this appeal is taken.

[1] The crucial question in this case is as to the character of the instrument sued upon. If it is a negotiable bill of exchange, then de-

fendants are liable as acceptors thereof, provided any consideration exists for their promise to pay. If it was only an equitable assignment of moneys due or to become due from them to Schwartz, then they are not liable, for there is no evidence of any such indebtedness. We think that it is of the latter character. Negotiable Instruments Law (Consolidated Laws, c. 38); Laws of 1909, c. 43, § 210; Munger v. Shannon, 61 N. Y. 251; Ehrichs v. De Mill, 75 N. Y. 370; Brill v. Tuttle, 81 N. Y. 454, 37 Am. Rep. 515; Duffield v. Johnson, 96 N. Y. 369. "A bill of exchange is an unconditional order in writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand or at a fixed or determinable future time a sum certain in money to order or to bearer." Negotiable Instruments Law, supra. This is not an unconditional order. It is payable only in certain contingencies. Liability upon it only arises either if the proceeds of the moneys to be advanced on the loans made on the houses referred to came into defendants' hands, or if through some act on the part of defendants performance of the contract out of which such funds might have otherwise arisen was prevented. Richardson v. Carpenter, 46 N. Y. 660; Risley v. Smith, 64 N. Y. 576; Home Bank v. Drumgoole, 109 N. Y. 63, 15 N. E. 747. There is no evidence that any portion of the proceeds of the loans upon said houses to which Schwartz could in any event have been entitled came into the possession or under the control of defendants. There is no evidence of any agreement on the part of defendants that they would obtain control of the same. If there had been, this action is not brought upon the theory of a breach of such contract. There is no evidence of any representation upon defendants' part, either by recital in the instrument itself or by statements extraneous to it, that they had or would secure control of the same so as to create an estoppel. In this respect the case differs from Richardson v. Carpenter, supra, relied upon by appellant.

It would follow, therefore, that this judgment and the order denying the motion for a new trial must be affirmed, if it were not for a ruling by the learned trial court upon a question of evidence, which seems to us to present fatal error.

[2] After evidence had been given as to the placing of first mortgages upon the buildings constructed by Schwartz, and the manner in which the proceeds thereof had been disposed of, one of the defendants was called as a witness for plaintiff, and was asked this question: "Did Louis Schwartz place any second mortgages on the land involved in the present suit through you?" This was objected to as incompetent, irrelevant, and immaterial, the objection was sustained, and plaintiff excepted. There is nothing in the instrument sued upon to indicate whether the loans therein referred to were to be secured by first mortgages upon the property or other mortgages subordinate thereto. If it was the fact that junior mortgages were placed upon this property, the proceeds of which came into the hands of defendants and were paid over by them to Schwartz, a prima facie case of liability at least would be made out. The purpose of the evidence

objected to may have been to show that, although defendants did not actually receive the proceeds of the loans secured by the first mortgages, still loans were obtained by Schwartz on second mortgages on the property, the proceeds of which they did receive.

For error in excluding this evidence, the judgment and order must be reversed and a new trial granted, costs to abide the event. All concur.