MERCHANTS NATIONAL BANK OF ST. PAUL, Respondent, *v.* SANTA MARIA SUGAR COMPANY, Appellant.

*Merchants Nat. Bank of St. Paul* v. *Santa Maria Sugar Co.*, 162 App. Div. 248, affirmed.
(Argued March 27, 1917; decided April 17, 1917.)

APPEAL from a judgment entered June 29, 1914, upon an order of the Appellate Division of the Supreme Court

in the first judicial department, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury, and directing judgment for plaintiff in an action to recover $2,340 on the following paper executed by defendant and delivered to the American Hoist and Derrick Company:

"I shall pay to the order of the American Hoist & Derrick Company on the 30th day of August, 1911, in the City of New York, the sum of two thousand three hundred and forty ($2340) dollars currency, for amount of the second installment agreed on of a crane of their manufacture purchased on this date, according to specifications of their representative, Mr. H. S. Johannsen.

"Dated, INGENIO, SANTA MARIA, *August* 30, 1910.

"(Signed) SANTA MARIA SUGAR COMPANY,

"BERNARD PONS.

"For $2,340.00 Cy. together with interest at 6% per annum to August 30, 1911."

The complaint alleged that thereafter and before its maturity, to wit, on or about March 29, 1911, said American Hoist and Derrick Company indorsed and delivered said note to the plaintiff for value. Upon the trial it was stipulated that the plaintiff is a corporation organized under the national banking laws, and the defendant is a corporation organized and existing under the laws of the state of New York, and that the complaint should be dismissed without prejudice to the right of the American Hoist and Derrick Company of St. Paul to sue the Santa Maria Sugar Company if the court found that the instrument sued on is not a negotiable instrument, or if he found that the plaintiff is not a *bona fide* holder for value; and if the court found that the instrument sued on is a negotiable instrument and that the plaintiff is a *bona fide* holder for value judgment should be entered in favor of the plaintiff for the amount of the note sued on, with interest and costs.

The trial court held the instrument to be a negotiable promissory note, but that plaintiff was not a *bona fide*

holder for value without notice. The Appellate Division reversed the latter conclusion and directed judgment for plaintiff on the stipulation.

*Howard Thayer Kingsbury* and *Charles A. Conlon* for appellant.

*Grenville Clarke, Emory R. Buckner* and *Vanderbilt Webb* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, HOGAN, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.