FRANKLIN WASHINGTON TRUST COMPANY, Respondent, v. CHRISTOPHER A. JAEGER et al., Appellants.— Defendants appeal from three orders and a judgment. The first order, entered June 26, 1952, granted plaintiff's motion for summary judgment. The second order, entered October 24, 1952, granted defendants' second motion for reargument, but adhered to the original decision. The third order, entered January 6, 1953, denied defendants' third motion for reargument upon additional facts and evidence and defendants' motion to require plaintiff to furnish security for costs. The judgment was entered on June 30, 1952, in favor of plaintiff, in pursuance of the first order. Order of January 6, 1953, reversed, without costs, defendants' third motion for reargument granted, and, upon such reargument, plaintiff's motion for summary judgment denied, without costs, and defendants' motion to require plaintiff to furnish security for costs granted, without costs. The order of June 26, 1952, and the judgment are vacated, without costs. Appeals from the orders of June 26, 1952, and October 24, 1952, and from the judgment are dismissed, as academic, without costs. The mere discounting of a note by a bank and the placing of the amount of the discount to the credit of the holder does not constitute a taking of the note for value. (*Bath Nat. Bank* v. *Ely N. Sonnenstrahl, Inc.*, 249 N. Y. 391; *Citizens' State Bank* v. *Cowles*, 180 N. Y. 346; *Merchants Nat. Bank of St. Paul* v. *Santa Maria Sugar Co.*, 162 App.

Div. 248, 252, affd. 220 N. Y. 732; *Albany Co. Bank* v. *People's Ice Co.,* 92 App. Div. 47.) Despite averments on behalf of respondent that it purchased the note, the following appears on the deposit slip: "In receiving items for deposit or collection, this Bank acts only as depositor's collecting agent". If respondent's role were that of a collecting agent, and no more, title to the note did not pass to it. (*National Butchers & Drovers' Bank* v. *Hubbell,* 117 N. Y. 384; *National Park Bank* v. *Seaboard Bank,* 114 N. Y. 28; *Stein* v. *Empire Trust Co.,* 148 App. Div. 850.) There is a triable issue as to whether, under all the facts here disclosed, the respondent is a holder in due course. (*Newman* v. *Newark Fire Ins. Co.,* 281 App. Div. 852.) Accordingly, respondent has not established its cause of action sufficiently to entitle it to summary judgment. Nolan, P. J., Adel, Wenzel, Schmidt and Beldock, JJ., concur.