■ CROCKER-CITIZENS NATIONAL BANK, Respondent, v. L. N. MAGAZINE DISTRIBUTORS, INC., Appellant.— In an action to recover upon six trade acceptances or drafts accepted by defendant, the latter appeals (1) from an order of the Supreme Court, Queens County, entered April 6, 1966, which granted plaintiff's motion for summary judgment; and (2) from a judgment of said court, entered April 6, 1966 in plaintiff's favor, pursuant to said order. Order reversed and judgment vacated, with one bill of $10 costs and disbursements to defendant, and plaintiff's motion for summary judgment denied, without costs. In our opinion, there is a triable issue as to whether plaintiff is a holder in due course of the instruments sued upon (*Franklin Washington Trust Co.* v. *Jaeger,* 282 App. Div. 1067). Moreover, the rule is here applicable that summary judgment should not be granted if the facts upon which the motion is predicated are exclusively within the knowledge of the moving party or clearly not within the knowledge of the opponent (*Franklin Nat. Bank* v. *De Giacomo,* 20 A D 2d 797; cf. CPLR 3212, subd. [f]). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

■ In the Matter of the Estate of JOHN N. BURLEIN, Deceased. EBEN C. GOULD, Appellant; ANNA B. PHILIPS, Respondent.— In a proceeding under section 231-a of the Surrogate's Court Act, to fix and determine the compensation of the attorney for a coexecutrix of a decedent for services to her personally, petitioner appeals from a decree of the Surrogate's Court, Kings County, entered September 3, 1964, which, on reargument, denied the petition. Decree reversed on the law and the facts and application granted to the extent of awarding petitioner a $1,000 fee, with costs payable by respondent personally. Findings of fact contained in the Surrogate's decisions which are inconsistent herewith are reversed, and new findings made as indicated herein. In our opinion, the record discloses that no conflict of interest was involved under the precise facts at bar. Appellant represented respondent individually as well as in her capacity of estate representative. Such representation was fully disclosed to all interested parties. No objection to the arrangement had ever been raised by an adverse party. Furthermore, after six years of protracted litigation without such objection, we find an implicit consent by the adverse parties. Respondent, being a " person interested" in the estate within the intendment of section 231-a of the Surrogate's Court Act, the learned Surrogate ought to have fixed and determined appellant's compensation for services rendered to respondent in her individual capacity. We award appellant legal fees of $1,000. Payment of such amount must be made out of the respondent's share in the estate since said services were beneficial to her in her individual capacity only (*Matter of Frame,* 245 App. Div. 675). Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.