■ WEBB & SONS, INC., Respondent, v. ROLAND HAMILTON et al., Appellants.— Per Curiam. Appeal from an order of the Supreme Court, Chenango County, granting respondent's motion for summary judgment and from the judgment entered thereon. Appellants on August 27, 1965 signed an agreement to pay to respondent "within the next sixty days the sum of five thousand ($5,000) * * * from the jobs now under construction." (Emphasis added.) Respondent's position is that appellants have been paid sums in excess of $5,000 from jobs "under construction" but that it has been paid no part of its obligation. In support thereof, it introduced an affidavit of one Erwin Lamb to the effect that between August 27, 1965 and December 31, 1965 his corporation paid $5,400 to appellants pursuant to a construction contract. Appellants' position is that the $5,000 was to be paid out of profits which might accrue for the jobs and that no such profit has in fact accrued. The instant instrument does not contain an unconditional promise and, therefore, is not a negotiable instrument (Uniform Commercial Code, § 3–104, subd. [1], par. [b]; § 3–105, subd. [2], par. [b]; see Fulton v. Varney, 117 App. Div. 572). Section 3–105 (subd. [1], par. [f]) of the Uniform Commercial Code relied on by respondent does not compel a contrary conclusion here. Moreover, since respondent is the payee and not here entitled to be considered a holder in due course (see Uniform Commercial Code, § 3–302 and annotations thereunder), we fail to see how even if the instrument were negotiable the issue would be effected thereby. The sole question thus is whether the language of the writing to the effect that payment of the $5,000 is to come "from the jobs now under construction" is ambiguous as to whether payment is to be made from gross receipts or solely

if profits existed. In our opinion it is evident that the writing does not state the complete agreement between the parties as to how the $5,000 figure is to be determined (see *Mitchill* v. *Lath,* 247 N. Y. 377), and evidence as to such question would clearly be admissible particularly since the additional term sought to be developed is not inconsistent with the existing agreement (see Uniform Commercial Code, § 2–202; *Routledge* v. *Worthington Co.,* 119 N. Y. 592). Finally, it should be noted that there is a clear issue of fact raised by the appellants' assertion that they have already paid respondent the sum of $500. Summary judgment should not have been granted. · Order and judgment reversed, on the law and the facts, without costs, and motion denied. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam.*