■ DUOBOND CORPORATION, Appellant, v. HERMAN ZUCKER TEXTILE CO., INC., Respondent.— In an action maintained upon statements of the parties (CPLR 3031 *et seq.* [New York Simplified Procedure for Court Determination of Disputes]) to recover for services performed, plaintiff appeals, as limited by its notice of appeal and its brief, from so much of an order of the Supreme Court, Kings County, dated June 6, 1973, as denied the branch of its motion which sought summary judgment and to preclude defendant from introducing certain evidence at trial. Upon oral argument of this appeal, leave to take this appeal was granted (see CPLR 3037). Order modified, on the law, (1) by striking the first and second decretal paragraphs thereof and (2) by substituting therefor a paragraph (a) granting plaintiff's motion for summary judgment to the extent of the matter set forth in its statement (by stipulation, its previous complaint in this action is its statement) and to the further extent of dismissing paragraphs "1", "2" and "3" of defendant's answering statement (interposed pursuant to the same stipulation), (b) denying said motion in all other respects and (c) directing that entry of judgment is stayed pending determination of the issues raised in the counterclaim (pars. "4" through "6" of said answering statement), which issues are hereby ordered to be tried peremptorily at the November Term of the Supreme Court, Kings County. As so modified, order affirmed insofar as appealed from, with $20 costs and disbursements to appellant. In our view, there exist no genuine issues of fact which preclude the granting of summary judgment in favor of plaintiff on its cause of action. The issues arising out of defendant's counterclaim should be tried at the November Term of the Supreme Court, Kings County. On the record before us, we express no opinion on the question of whether, in view of the statements contained in the invoices, defendant is precluded from maintaining the cause of action set forth in its counterclaim. Rabin, P. J., Hopkins, Christ and Brennan, JJ., concur; Shapiro, J., not voting.

■ DOROTHY M. FORDYCE, Respondent, v. ROBERT D. FORDYCE, Appellant.— In an action in which a judgment was entered granting plaintiff a separation, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, entered October 2, 1972 and made after a hearing, as granted the branch of plaintiff's motion which was to punish defendant for contempt, fixed the arrears of alimony at $19,125, fined him said amount and made provision with respect to a reduction in the award of alimony to $150 a week (all the decretal paragraphs of the order except the sixth). Order reversed insofar as appealed from, without costs, and plaintiff's said motion remanded to Special Term for (1) a hearing *de novo* on the question of the effectiveness of sequestration of defendant's property pursuant to section 245 of the Domestic Relations Law and (2) a new determination. In our opinion, there was a failure to comply with section 245 of the Domestic Relations Law. The record fails to show that Special Term was presumptively satisfied that payment of the alimony arrears could not be enforced by sequestration of defendant's assets (*Johanny* v. *Johanny,* 41 A D 2d 568). Munder, Acting P. J., Martuscello, Shapiro, Brennan and Benjamin, JJ., concur.