■ I-T-E IMPERIAL CORPORATION—EMPIRE DIVISION, Respondent, v BANKERS TRUST COMPANY, Appellant, et al., Defendant.—Order, Supreme Court, New York County, entered on or about May 21, 1979, denying defendant Bankers Trust Company's motion for summary judgment, is unanimously reversed, on the law, with costs, and defendant's motion for summary judgment is granted, and judgment directed dismissing the complaint as against defendant Bankers Trust Company. Plaintiff, a supplier of materials on a construction job, brings this action to enforce the statutory trust under article 3-A of the Lien Law with respect to funds paid to a construction contractor. Plaintiff seeks to hold Bankers Trust responsible for the proceeds of a single check from the owner to a contractor, Summers Electric Corporation, for $29,722 deposited by Summers in its account at Bankers Trust. The deposit was made on July 18, 1973. On September 20 and 24, 1973, Bankers Trust set off $43,030 of a past due note of Summers against the then balances in the account, substantially exhausting that account. On September 25, 1973 Summers filed a petition under chapter 11 of the Bankruptcy Act. It is the contention of plaintiff that the approximately $43,030 balance in the bank account as of September 20 and 24, 1973 included the $29,722 check deposited on July 18, 1973, and to that extent was a trust fund for the benefit of plaintiff. However, between July 18, 1973 and September 20, 1973, there were many withdrawal and deposit transactions in the account. At the close of the day on July 18, 1973 the balance in the account was $42,281. Between July 19 and July 25, 1973 there were debits against the account totaling $61,996, i.e., about $19,000 more than the balance in the account at the close of business on July 18, 1973. (Deposits in this period resulted in a net balance in the account on July 25 of $27,961.) The problem then becomes one of tracing the trust funds. The rule in New York appears to be that at least as between third parties other than the defaulting trustee (Summers), a rule of first in, first out is to be followed so that the earliest withdrawal is deemed applicable to the earliest deposit. (*Merchants Nat. Bank of St. Paul v Santa Maria Sugar Co.,* 162 App Div 248, affd 220 NY 732; *Utica Sheet Metal Corp. v Schecter Corp.,* 53 Misc 2d 284.) Thus the trust fund had been fully disbursed by July 25, 1973 and did not constitute part of the balance against which Bankers Trust exercised its right of setoff two months later. These withdrawals constituted value so that Bankers Trust became a holder in due course or purchaser in good faith for value and without notice *(Merchants Nat. Bank v Santa Maria Sugar Co., supra)*; and thus Bankers Trust was protected by the statute (Lien Law, § 72, subd 1). There is nothing to indicate that Bankers Trust had any notice that these withdrawals constituted a diversion of trust funds, if indeed they were a diversion. "A bank in which trust funds are deposited is under no duty to exercise vigilance to protect the trust estate from possible misappropriation by the trustee who is authorized to act as such, and is not bound to inquire whether the fiduciary is applying such funds for the purpose of the trust, unless the bank has notice of a threatened misappropriation and with that notice aids in the misappropriation." (*Aetna Cas. & Sur. Co. v Lafayette Nat. Bank of Brooklyn in N. Y.,* 35 AD2d 137, 141.) Concur—Fein, J. P., Bloom, Silverman, Ross and Yesawich, JJ.