OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Before us appellant argues that the legislative history of article 3-A of the Lien Law requires a reversal because the extensive quotation at page 547 of the 1958 Report of the Law Revision Commission from Gramatan-Sullivan, Inc. v Koslow (143 F Supp 641, affd 240 F2d 523, cert den 353 US 958) shows an intent to incorporate in the definition of “purchaser in good faith for value” as those words are used in subdivision 1 of section 72 of the Lien Law, the limitation that notice of facts sufficient to create a duty of inquiry bars purchaser in good faith status. The wording of the subdivision* shows, however, that its purpose was to leave unaffected the negotiable instruments rules governing such status. With the adoption, effective September 27, 1964, of the Uniform Commercial Code, the concept of notice under article 3 (and by analogy under article 4 as well, cf. Uniform Commercial Code, § 4-209) *814 has, as we have held in Chemical Bank of Rochester v Haskell (51 NY2d 85), been changed from an objective to a subjective standard, and that change must be deemed to have amended the Lien Law as well (1 McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 197, 370). Absent the right to rely on the "duty of inquiry” concept, plaintiffs claim that there is a triable issue concerning Bankers Trust’s status as a purchaser in good faith for value is wholly without basis, for the reasons stated in the Appellate Division memorandum (and see Uniform Commercial Code, § 4-208, subd [1], par [a]; subd [2]).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed.

 “Nothing in this article affects the rights of a holder in due course of a negotiable instrument or of a purchaser in good faith for value and without notice that a transfer to him is a diversion of trust assets.”