■ CITIBANK, N. A., Appellant, v HOWARD D. DEUTSCH, Respondent. — Order of the Supreme Court, New York County (Hansel L. McGee, J.), entered on September 28, 1983, which denied plaintiff's motion for summary judgment, is reversed, on the law, and the motion for summary judgment granted, with costs and disbursements. Subdivision (1) of section 3-302 of the Uniform Commercial Code defines a holder in due course as one who takes the instrument for value, in good faith and without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person. Defendant herein does not dispute the making and execution of the promissory note in question, nor does he claim that he failed to receive the tax benefit that he intended by investing in the now insolvent partnership. The mere fact that the partnership subsequently defaulted in its obligations is insufficient to enable defendant to escape payment on the note. Although defendant alleges lack of consideration and fraud as defenses on the note, the law is clear that summary judgment will be defeated "only where material issues of fact are raised which are 'genuine and based on proof, not shadowy and conclusory statements'" (*First Int. Bank v Blankstein & Son,* 59 NY2d 436, 445). Moreover, in order to be denied holder in due course status, the holder of a note must have *actual* knowledge of a defense or, on the basis of the facts and circumstances known at the time, the holder must have reason to be aware that it exists. (*Chemical Bank v Haskell,* 51 NY2d 85.) In *First Int. Bank* (*supra,* at p 444), the Court of Appeals held that: "Since the requirement that a holder show that it did not have knowledge of a defense or claim to the instrument involves proof of a negative fact, we have held that its burden of proof is a slight one. In *Chemical Bank of Rochester v Haskell* (51 NY2d 85, 93, *supra*), we held that the testimony of the holder that it had no knowledge of a defense to the note in issue was sufficient to sustain its burden on that point and to require the defendant to come forward with evidence to directly controvert the holder's testimony. Implicit in that decision is the recognition that rarely, if ever, will the holder have documentary evidence showing its lack of knowledge. In this situation, evidence, if any, that the holder had knowledge of defenses will ordinarily be in the hands of the defendant. It is appropriate, therefore, to require the defendant in such cases to proffer such evidence to rebut the holder's statement of no knowledge." The record in the instant case does not reveal, nor does defendant demonstrate, any facts indicating that plaintiff possessed knowledge, actual or otherwise, of defendant's purported defenses. In that connection, it is not enough for defendant merely to allege in conclusory fashion that plaintiff bank should have known about the existence of such defenses. Since it is evident that plaintiff took the note for value and in good faith, Special Term should have granted plaintiff's motion for summary judgment. Concur — Murphy, P. J., Kupferman, Sandler, Milonas and Alexander, JJ.