MORTIMER W. ZELIKOFSKY et al., Respondents, v DANIEL L. PREWETT et al., Respondents, and EMPIRE MANAGEMENT COMPANY X, Defendant and Third-Party Plaintiff-Appellant, and NATIONAL SAVINGS BANK, Defendant and Third-Party Plaintiff-Respondent; MOHAWK NATIONAL BANK, Third-Party Defendant-Respondent.—Levine, J.

The uncontested facts contained in the moving and opposing papers are as follows: Defendant Daniel L. Prewett was, during the pertinent period, a general partner in defendant

Empire Management Company X (Empire Management). At the same time, Prewett was also individually conducting business under the firm name of defendant Empire Venture Capital IX, Ltd. (E.V.C. IX). Prewett induced plaintiffs to participate in Empire Management's development of commercial real property in the City of Albany by investing $15,000 in the partnership. Pursuant to that arrangement, on January 14, 1983, plaintiffs issued a check in that amount on their account with defendant National Savings Bank (National Savings), payable to Empire Management, and delivered it to Prewett. Prewett had accounts at third-party defendant Mohawk National Bank (Mohawk National) in his own name and that of E.V.C. IX. On January 19, 1983, Prewett deposited plaintiffs' check in his E.V.C. IX account at Mohawk National by indorsing it with his own name and marking it for deposit in that account.

After learning of Prewett's personal misappropriation of their funds, plaintiffs brought this action in fraud and conversion against Prewett, Empire Management, E.V.C. IX and National Savings. National Savings and Empire Management claimed over against Mohawk National. Upon timely motions and cross motions, Special Term granted plaintiffs summary judgment against Prewett, Empire Management and E.V.C. IX, and summary judgment in favor of National Savings and Mohawk National dismissing all claims against them.

The sole appeal is by Empire Management from the dismissal of its claims against the two banks for conversion of funds payable to it by honoring plaintiffs' check upon which it was payee, under the circumstances in which it was negotiated by Prewett. Empire Management's primary argument is that the banks accepted Prewett's forged and unauthorized indorsement, when they were at least put on inquiry that the check was being converted by Prewett for his personal use. Empire Management further argues that Prewett's authority to indorse checks payable to it was not made known to Mohawk National until several weeks later, when the firm opened an account with that bank and filed an authorized signature card for Prewett.

Empire Management's contentions are unavailing upon which to impose a duty of inquiry in its favor, as payee, which would have revealed Prewett's conversion of the firm's funds. Prewett did not forge the indorsement by signing his own name. Moreover, as a general partner under the firm's partnership agreement, Prewett was legally authorized to negotiate checks payable to Empire Management (see, Partnership

Law § 20 [1]). Therefore, whether or not Mohawk National had knowledge of his actual authority until after the transaction is irrelevant *(see, Oquendo v Federal Reserve Bank,* 98 F2d 708, *cert denied* 305 US 656). It has not been contended that the bank had actual notice that Prewett was intending to divert the partnership's fund to his own use. The fact that Prewett, as a fiduciary of Empire Management, deposited the check in a personal account is insufficient to create a duty of inquiry on the part of the bank concerning possible diversions of the funds represented thereby *(see, Matter of Knox [Columbia Banking Fed. Sav. & Loan Assn.],* 64 NY2d 434, 438). Likewise, no liability arises from acceptance of the check payable to Empire Management but indorsed solely in Prewett's name. As previously discussed, Prewett had actual authority to negotiate the check. Any inquiry concerning Prewett's authority arising out of the irregular indorsement would only have confirmed his actual authority. It would not have revealed, or engendered a duty to further investigate, Prewett's wrongful use of the funds *(see, Kinstlinger v Manufacturers Trust Co.,* 280 App Div 729, 733-734 [Breitel, J.]; *Manufacturers Trust Co. v Lafayette Natl. Bank,* 2 Misc 2d 518, 521; *see also, Oquendo v Federal Reserve Bank, supra,* p 710).

Order affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.