■ BANK OF BABYLON, Respondent, v ZAFFUTO CONSTRUCTION Co., INC., Appellant.—In an action to recover on a promissory note, the defendant appeals from a judgment of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered August 15, 1988, which, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $90,573.60.

Ordered that the judgment is affirmed, with costs.

In order to assist one of its subcontractors in making payments to its employees, materialmen and suppliers, the defendant gave the subcontractor a promissory note in the sum of $90,571. The subcontractor subsequently presented the note to the plaintiff, to which it was indebted, and the plaintiff credited the subcontractor's account with the discounted value of the note. However, when the plaintiff presented the note for payment upon its maturity, payment was refused.

Pursuant to UCC 3-302 (1), a holder in due course is defined as a holder who takes the instrument for value, in good faith, and without notice that it is overdue or has been dishonored or of any defense against it or claim to it on the part of any person. "[H]onesty in fact in the conduct or transaction concerned" is deemed to constitute good faith (UCC 1-201 [19]). The courts have made it clear that the standard regarding good faith and notice is a subjective one, and that the inquiry is not whether a reasonable banker would have known or would have inquired about any defenses or claims as to the instrument, but whether the bank had "actual knowledge of some facts which would prevent a commercially honest individual from taking up the instruments" *(Chemical Bank v Haskell,* 51 NY2d 85, 92; *see also, I-T-E Imperial Corp. v Bankers Trust Co.,* 51 NY2d 811; *Citibank v Deutsch,* 99 AD2d 452). This subjective standard applies equally when there is a claim, as here, that a Lien Law trust fund is involved (Lien Law § 72; *see also, I-T-E Imperial Corp. v Bankers Trust Co., supra).*

In the instant case, although there was some evidence that the plaintiff was aware that the subcontractor was having

difficulties in meeting its obligations, the note itself contained no indication that it represented Lien Law trust assets, and there was no evidence that the plaintiff had any actual knowledge that it did. Thus, there is no question that the plaintiff validly took the note as a holder in due course *(see, Chemical Bank v Haskell,* 51 NY2d 85, *supra; I-T-E Imperial Corp. v Bankers Trust Co.,* 51 NY2d 811, *supra; Citibank v Deutsch,* 99 AD2d 452, *supra).* Further, there was nothing present in the attendant facts and circumstances which would have clearly indicated that any such alleged Lien Law trust funds were being improperly diverted for nontrust purposes so as to make the plaintiff liable therefor *(see, e.g., Matter of Knox [Columbia Banking Fed. Sav. & Loan Assn.],* 64 NY2d 434; *Zelikofsky v Prewett,* 124 AD2d 418; *I-T-E Imperial Corp. v Bankers Trust Co., supra; Grace v Corn Exch. Bank Trust Co.,* 287 NY 94). Mangano, J. P., Bracken, Sullivan and Balletta, JJ., concur.