■ DH Cattle Holdings Company, Appellant, v Edward J. Reinoso Jr., Respondent.—Mikoll, J. Appeal from that part of an order of the Supreme Court (Mugglin, J.), entered January 24, 1991 in Delaware County, which granted defendant's cross motion to dismiss the complaint for failure to state a cause of action.

This appeal presents two questions for our review (1) whether a note providing that the amount of interest payable at maturity was "[t]o be determined" was not a negotiable instrument because it did not contain a "sum certain", and (2) whether the instrument is enforceable as a simple contract. In our view Supreme Court properly ruled that the note was nonnegotiable by reason of the provision "[t]o be determined", but erred in granting defendant's cross motion to dismiss on the ground that the note was not a negotiable instrument.

The promissory note in question was given by defendant to Dreamstreet Holsteins, Inc. in 1982 in a tax shelter arrangement. Defendant promised to pay $810,000 "together with interest thereon at the approximate rate of nine (9%) percent" to Dreamstreet according to the following schedule:

| DATE PAYMENT | PRINCIPAL DUE | INTEREST PAYABLE | TOTAL PAYMENT |
|---|---|---|---|
| March 15, 1983 | NONE | $18,225.00 | $18,225.00 |
| June 15, 1983 | NONE | 18,225.00 | 18,225.00 |
| September 15, 1983 | NONE | 18,225.00 | 18,225.00 |
| December 15, 1983 | NONE | 18,225.00 | 18,225.00 |
| March 15, 1984 | NONE | 18,225.00 | 18,225.00 |
| June 15, 1984 | NONE | 18,225.00 | 18,225.00 |
| September 15, 1984 | NONE | 18,225.00 | 18,225.00 |
| December 15, 1984 | NONE | 18,225.00 | 18,225.00 |
| December 15, 1989 | $810,000.00 | To be determined | |

Dreamstreet entered into a corporate guarantor pledge, assignment and security agreement with Cooperative Centrale

Raiffeisen-Boerenleenbank, B. A. (hereinafter Rabobank) in July 1985 in exchange for a revolving line of credit. In February 1987 Rabobank perfected its security interest and the note was endorsed over to it at that time. Rabobank assigned its interest in the note to plaintiff, its wholly owned subsidiary, on September 30, 1988. The instant action was commenced in April 1990 by service of a notice of motion for summary judgment with the summons in lieu of a complaint pursuant to CPLR 3213, as the action was based upon an instrument for the payment of money only.

To be negotiable a promissory note must "contain an unconditional promise or order to pay a sum certain in money" (UCC 3-104 [1] [b]). "It is sufficient that at any time of payment the holder is able to determine the amount then payable from the instrument itself with any necessary computation" (UCC 3-106, Comment 1). "The computation must be one which can be made from the instrument itself without reference to any outside source" (UCC 3-106, Comment 1). In this case, the phrase "[t]o be determined" clearly requires going outside the instrument to an outside source or sources to make the computation. Thus, Supreme Court correctly found that the note did not contain a "sum certain" and was not negotiable.

Supreme Court's dismissal of the action, however, on the ground that the instrument was not negotiable cannot stand. Contrary to Supreme Court's finding, plaintiff had an ownership interest in the note. The proof established that plaintiff obtained the note from its owner Rabobank by assignment of Rabobank's interest to plaintiff. The note in question, although it was nonnegotiable, was still enforceable as commercial paper under the law applicable to contracts (see, 5 Anderson, Uniform Commercial Code § 3-101:17, at 151 [3d ed]; see also, General Obligations Law § 13-105; *DH Cattle Holdings Co. v Kuntz*, 165 AD2d 568, 569).

Defendant has also shown by evidentiary facts the existence of a triable issue of fact with respect to the bona fide defense of fraud, i.e., that at the time of execution he did not know that the instrument he signed was a note (see, UCC 3-305 [2] [c]; *Spielman v Acme Natl. Sales Co.*, 159 AD2d 918). Defendant asserts in his papers that it was his understanding based on information from his accountant and the president of Dreamstreet that the note in question, like similar notes he had executed previously, was one of limited recourse. This is supported by a November 5, 1982 memorandum to plaintiff from Dreamstreet dealing with the acquisition of breeding

cattle which stated that Dreamstreet "will agree, at the investor's election, to purchase four (4) female and two (2) male offspring, selected at random, from each original female sold to fully repay your note to Dreamstreet". As the note is not a negotiable instrument the defense of fraud, if sustained, can defeat defendant's liability on the note (see, UCC 3-305 [2] [c]) and dismissal was therefore inappropriate.

Casey, J. P., Weiss, Yesawich Jr. and Levine, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's cross motion; cross motion denied; and, as so modified, affirmed.