■ ADMASTER, INC., Appellant, v MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED et al., Respondents.—Order and judgment, Supreme Court, New York County (Myriam J. Altman, J.), entered February 7, 1991 and March 13, 1991, respectively; and order and judgment of the same court entered September 6, and September 16, 1991, respectively, which dismissed the complaint against each defendant, unanimously affirmed, without costs.

Plaintiff commenced this action to recover the face amount of unauthorized checks written on its account by its employee,

payable to defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated and deposited in the employee's account with Merrill Lynch. The court properly determined that Merrill Lynch was a holder in due course (UCC 3-302 [1] [c]) which took the instruments without notice of any claim or defense against them. Pursuant to UCC 3-304 (7), "to constitute notice of a claim or defense, the purchaser must have knowledge of the claim or defense or knowledge of such facts that his action in taking the instrument amounts to bad faith". This is a subjective test requiring actual knowledge of a defense or facts *(Chemical Bank v Haskell,* 51 NY2d 85, *rearg denied* 51 NY2d 1009). Quoting *Hartford Acc. & Indem. Co. v American Express Co.* (74 NY2d 153, 163), the court herein noted that " '[h]olders in due course are to be determined by the simple test of what they actually knew, not by speculation as to what they had reason to know or what would have aroused the suspicion of a reasonable person in their circumstances' ". The facts herein did not suffice to put defendants on notice of the fraud committed by plaintiff's bookkeeper-employee. The court thus properly placed the loss upon plaintiff, the negligent drawer, which was "fully consistent with the letter and spirit of the check fraud rules contained in the Uniform Commercial Code", as it was plaintiff whose "inattention enabled its employee to misappropriate funds, undetected, for several years [and] was plainly the party best able to prevent the losses" *(supra,* at 165). Concur—Rosenberger, J. P., Wallach, Ross, Asch and Kassal, JJ.