[599 NYS2d 869]

DH Cattle Holdings Company, Appellant, v Anthony Barrese, Respondent.

Third Department, June 24, 1993

**APPEARANCES OF COUNSEL**

*Ferber, Greilsheimer, Chan & Essner,* New York City *(Robert N. Chan* of counsel), for appellant.

*Glenn H. Ripa,* New York City, for respondent.

**OPINION OF THE COURT**

MERCURE, J.

In connection with his April 28, 1983 purchase of an inter-

est in dairy cattle from Dreamstreet Holsteins, Inc., defendant executed a number of instruments, including a promissory note and security agreement. Dreamstreet subsequently pledged the note as security for a loan from Cooperative Centrale Raiffeisen-Boerenleenbank, B.A. (hereinafter Rabobank), which in turn assigned it to plaintiff. The note provided, among other things, that defendant was to pay a total of $240,000, together with interest at the rate of 9% per annum. Of this amount, $20,000 was due upon execution of the note and interest payments in the amount of $19,440 were due on May 1, 1984 and May 1, 1985, respectively. As to the balance, the note provided that "[a]ll subsequent payments of principal and interest shall be made as animals are sold from [defendant's] herd of dairy cattle, but in no event later than December 31, 1990". It appears that defendant made the three payments due by May 1, 1985 and additional payments totaling $12,500, but made no further payments by December 31, 1990.

Alleging defendant's default in payment of the note, plaintiff commenced this action to recover the unpaid balance. The parties cross-moved for summary judgment, defendant asserting that the instrument was actually a limited recourse note, that he was only responsible for the three listed payments and that all subsequent payments were to be made from the proceeds of the sale of the cattle. After initially denying both motions, Supreme Court granted defendant's subsequent motion for reargument and, upon reargument, granted summary judgment to defendant to the extent of precluding plaintiff from asserting the rights of a holder in due course with respect to the promissory note. Plaintiff appeals from so much of Supreme Court's order as granted reargument and awarded partial summary judgment to defendant.

■ As a preliminary matter, we note that this action was commenced in accordance with the New York Simplified Procedure for Court Determination of Disputes (CPLR 3031 *et seq.*). Accordingly, "[a]n appeal may be taken only from a judgment, or an order determining the making of the contract or submission or the failure to comply therewith. There shall be no appeal from an intermediate order of the court * * * except with the permission of the trial or appellate court" (CPLR 3037). Although there is no indication that plaintiff obtained such permission, in the interest of judicial economy we shall grant leave to appeal *sua sponte (see, e.g., Duobond Corp. v Zucker Textile Co.,* 42 AD2d 961).

■ Turning to the merits, we reject the contention that the note is not a negotiable instrument because it does not "contain an unconditional promise or order to pay a sum certain in money" (UCC 3-104 [1] [b]; *see, DH Cattle Holdings Co. v Reinoso*, 176 AD2d 1057, 1058). Contrary to defendant's assertion, the promissory note does not, on its face, provide that defendant's obligation to pay the balance due thereunder is conditioned upon the generation of revenues through the sale of defendant's livestock *(compare, Old Colony Trust Co. v Stumpel*, 247 NY 538; *Tisdale Lbr. Co. v Piquet*, 153 App Div 266); if anything, the reference to such sales merely identifies a possible source from which reimbursement may be expected *(compare*, UCC 3-105 [1] [f], *with* UCC 3-105 [2] [b]; *cf., Webb & Sons v Hamilton*, 30 AD2d 597).

■ We now address defendant's primary claim, that the note's payment terms, the reference in the security agreement to a limited recourse promissory note, and the express provisions of additional ancillary instruments including a dairy cattle purchase offer agreement and a so-called "private memorandum", establish that the note is a limited recourse instrument and that defendant has no further liability thereunder. We may easily dismiss the claim regarding the ancillary instruments, as the record contains no evidence that Rabobank was aware of them at the time of the assignment of the note. It is well settled that New York determines the question of notice of a defense against an instrument on the basis of a subjective test of actual knowledge rather than an objective test involving a possible question of constructive knowledge *(see,* UCC 3-302 [1] [c]; 3-304 [7]; *Hartford Acc. & Indem. Co. v American Express Co.*, 74 NY2d 153, 162). Because of the Legislature's "deliberate, unmistakable choice to give added protection to good-faith purchasers in this State * * * [h]olders in due course are to be determined by the simple test of what they actually knew, not by speculation as to what they had reason to know, or what would have aroused the suspicion of a reasonable person in their circumstances" *(Hartford Acc. & Indem. Co. v American Express Co., supra,* at 162-163).

Although the record supports a finding that Rabobank was aware of the terms of the promissory note and the security agreement at the time of the assignment, we cannot accept the premise that the note's provision for "subsequent payments of principal and interest * * * as animals are sold from [defendant's] herd" and the security agreement's reference to a $240,000 "Limited Recourse Promissory note bearing even

date" placed Rabobank on notice of defendant's defense to the note. The note, containing defendant's unconditional promise to pay the full amount of principal and interest "in no event later than December 31, 1990" and providing that upon default the entire unpaid principal and accrued interest "shall become forthwith due and payable", is on its face a full recourse note *(see, DH Cattle Holdings Co. v Kuntz,* 165 AD2d 568), a fact which is unaffected by the label which the security agreement places upon it. Further, it is our view that the security agreement's reference to a limited recourse promissory note created, at most, "suspicious circumstances which might well have induced a prudent banker to investigate more thoroughly than did [plaintiff's assignor] before taking the note[]" *(Chemical Bank v Haskell,* 51 NY2d 85, 93), but which nonetheless failed to provide actual notice of a defense to the note *(see, supra; see also, Carador v Sana Travel Serv.,* 700 F Supp 787, *affd without opn* 876 F2d 890; *Hartford Acc. & Indem. Co. v American Express Co., supra; Admaster, Inc. v Merrill Lynch, Pierce, Fenner & Smith,* 183 AD2d 477, *lv denied* 80 NY2d 757; *Bank of Babylon v Zaffuto Constr. Co.,* 157 AD2d 640).

In view of our legal conclusion that Rabobank and, by assignment, plaintiff were holders in due course, we shall grant partial summary judgment in favor of plaintiff pursuant to CPLR 3212 (b).

CREW III, J. (concurring in part and dissenting in part). I agree with the majority that plaintiff satisfied its initial burden by presenting a properly signed instrument and that the burden therefore shifted to defendant to establish a genuine defense *(see, First Intl. Bank v Blankstein & Son,* 59 NY2d 436, 444). In this regard, although the note appears on its face to be a full recourse instrument, defendant and Dreamstreet Holsteins, Inc. entered into a number of other agreements as part of the same transaction *(see,* UCC 3-119 [1]) including, *inter alia,* a security agreement that makes reference to a limited recourse promissory note in the amount of $240,000. I am of the view that this document raises a question of fact as to whether defendant has a valid defense to the note.

As to the status of Cooperative Centrale Raiffeisen-Boerenleenbank, B.A. (hereinafter Rabobank) as a holder in due course, a vice-president of Rabobank averred in a supporting affidavit that Rabobank took the note in good faith and without notice of any defense, and such a statement is suffi-

cient to sustain the holder's burden on this point *(see, First Intl. Bank v Blankstein & Son, supra,* at 444; *Chemical Bank v Haskell,* 51 NY2d 85, 93). It appears, however, that the security agreement was made available to Rabobank in conjunction with the underlying loan transaction, and I am of the view that the availability of that document and the language contained therein is sufficient to raise a question of fact as to whether Rabobank actually knew that it was in possession of a limited recourse note. The fact that Rabobank's vice-president states that the note was taken without notice of a defense creates a question of credibility which cannot be resolved on a motion for summary judgment *(see, Cammarere v Villanova,* 166 AD2d 760). Accordingly, I conclude that there is a question of fact as to whether Rabobank and plaintiff, as Rabobank's assignee *(see,* UCC 3-201), may assert the rights of a holder in due course. Under these circumstances, both defendant's motion and plaintiff's cross motion for summary judgment should be denied.

MIKOLL, J. P., YESAWICH JR. and HARVEY, JJ., concur with MERCURE, J.; CREW III, J., concurs in part and dissents in part in a separate opinion.

Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as partially granted defendant's motion for summary judgment upon reargument; said motion denied, partial summary judgment is awarded to plaintiff and it is declared that plaintiff may assert the rights of a holder in due course; and, as so modified, affirmed. [As amended by order entered Oct. 15, 1993.]