(August 12, 1993)

■ DH Cattle Holdings Company, Appellant-Respondent, v Lee P. Reno, Respondent-Appellant. (Action No. 1.) DH Cattle Holdings Company, Appellant-Respondent, v Edgar L. Batzel, Respondent-Appellant. (Action No. 2.) [601 NYS2d 714] —Crew III, J. Cross appeals from an order of the Supreme Court (Mugglin, J.), entered November 9, 1992 in Delaware County, which denied plaintiff's motion for partial summary judgment and granted defendants' cross motion for partial summary judgment.

In 1983, defendants purchased an interest in dairy cattle from Dreamstreet Holsteins, Inc. as part of an investment in an embryo recovery and transfer program. In conjunction with these transactions, defendants separately executed a number of related documents, including a promissory note and a security agreement. The respective promissory notes provided that defendants would each pay Dreamstreet a total of $96,000, together with interest "at the approximate rate of NINE (9.00%) percent per annum". Of this amount, $9,600

was due upon execution of the notes and each note set forth eight scheduled interest payments in the amount of $1,944. As to the balance, each of the notes provided that "[a]ll subsequent payments of principal and interest shall be made as animals are sold from the Maker's herd of dairy cattle, but in no event later than five (5) years from the date hereof, unless the Payee gives its written permission otherwise". It appears that although defendants made the required interest payments due, no additional sums were paid prior to the maturity date of the respective notes.* In the interim, on or about July 18, 1985, the notes were pledged and delivered to Cooperative Centrale Raiffeisen-Boerenleenbank B.A. (hereinafter Rabobank) as part of a multimillion dollar revolving credit agreement between Rabobank and a Dreamstreet affiliate. Rabobank subsequently assigned its interest in the respective notes to plaintiff, its wholly-owned subsidiary.

Plaintiff thereafter initiated these actions by separate motions for summary judgment in lieu of complaint *(see,* CPLR 3213). Supreme Court denied the respective motions, and the parties subsequently engaged in extensive discovery and entered into a stipulation regarding certain factual issues. Plaintiff then moved for partial summary judgment pursuant to CPLR 3212 (e) on the issue of whether Rabobank was a holder in due course with respect to defendants' individual promissory notes, and defendants cross-moved for partial summary judgment. Supreme Court denied plaintiff's motion and granted defendants' cross motion, finding that while the notes were negotiable and endorsed in blank, Rabobank took the notes with actual knowledge that there was a defense to the notes and, therefore, could not be deemed a holder in due course. These appeals followed.

In accordance with UCC 3-307 (2), the production of a properly signed instrument entitles a holder to recover on it unless the defendant establishes a valid defense *(see, First Intl. Bank v Blankstein & Son,* 59 NY2d 436, 444). Assuming the defendant is able to demonstrate such a defense, the burden then shifts to the holder to establish its status as a holder in due course *(supra,* at 444). This, in turn, requires a showing that the holder has taken the instrument for value, in good faith and without notice that it is overdue, has been dishonored or is subject to any defense against or claim to it

---

* The note executed by defendant Lee P. Reno matured on October 17, 1988, while the note executed by defendant Edgar L. Batzel matured on December 20, 1988.

on the part of another (UCC 3-302 [1]; *see, Hartford Acc. & Indem. Co. v American Express Co.,* 74 NY2d 153, 159; *Bank of Babylon v Zaffuto Constr. Co.,* 157 AD2d 640).

Defendants initially argue on their cross appeal that the notes in question were not negotiable. We cannot agree. In order for a promissory note to be negotiable it must, *inter alia,* "contain an unconditional promise or order to pay a sum certain in money" (UCC 3-104 [1] [b]). Here, although the notes make reference to an "approximate" rate of interest, it is clear from the face of the notes that the interest due thereunder was calculated at the rate of 9% per annum *(cf., DH Cattle Holdings Co. v Reinoso,* 176 AD2d 1057, 1058). Additionally, while each note also refers to a corresponding security agreement, this does not defeat the negotiability of the respective instruments *(see,* UCC 3-105 [1] [c]; 3-119 [2]). We are also of the view that defendants' argument regarding the sufficiency and validity of the respective endorsements is lacking in merit. We therefore conclude that plaintiff has satisfied its initial burden on the motion for summary judgment and, accordingly, the burden shifts to defendants to establish a genuine defense *(see, First Intl. Bank v Blankstein & Son, supra).*

Defendants essentially contend that they have a valid defense to the notes because their obligation to pay the balance due thereunder was contingent upon the generation of proceeds from the sale of cattle from their respective herds. We cannot agree. The notes provide, in relevant part, that "[a]ll subsequent payments of principal and interest shall be made as animals are sold from the Maker's herd of dairy cattle, *but in no event later than five (5) years from the date hereof"* (emphasis supplied). In reviewing a substantially similar note in *DH Cattle Holdings Co. v Barrese* (191 AD2d 99), we concluded that "the promissory note does not * * * provide that defendant's obligation to pay the balance due thereunder is conditioned upon the generation of revenues through the sale of defendant's livestock * * *; if anything, the reference to such sales merely identifies a possible source from which reimbursement may be expected" *(supra,* at 102 [citations omitted]). The notes, containing defendants' unconditional promise to pay the full amount of principal and interest due by a specified date, are on their face full recourse instruments *(see, supra,* at 103; *see also, DH Cattle Holdings Co. v Kuntz,* 165 AD2d 568, 569-570), and none of the documents executed with the notes suggest anything to the contrary *(compare, DH Cattle Holdings Co. v Barrese, supra,* at 103-104 [Crew III, J.,

dissenting] [reference in security agreement to limited recourse promissory note sufficient to raise a question of fact as to whether a valid defense to the note exists]). Although defendants aver that they were fraudulently induced into executing the relevant documents based upon Dreamstreet's alleged oral representations regarding the repayment terms, such proof, even if sufficient to establish fraud *(see generally, Backer v Lewit,* 180 AD2d 134, 139), is barred by the parol evidence rule where, as here, a written provision in the relevant document, i.e., the notes, contradicts the alleged oral representation "in a meaningful fashion" *(Bango v Naughton,* 184 AD2d 961, 963; *see, Glenfed Fin. Corp. v Aeronautics & Astronautics Servs.,* 181 AD2d 575, 576, *lv dismissed* 80 NY2d 893; *Marine Midland Bank v Cafferty,* 174 AD2d 932, 933-934).

Inasmuch as defendants have failed to establish a genuine defense to the notes, we must therefore conclude that plaintiff, as Rabobank's assignee *(see,* UCC 3-201), is entitled to assert the rights of a holder in due course *(see, First Intl. Bank v Blankstein & Son,* 59 NY2d 436, 444, *supra; see also,* UCC 3-302 [1]). The parties' remaining contentions are found to be lacking in merit, and Supreme Court's order denying plaintiff's motion for partial summary judgment and granting defendants' cross motion for partial summary judgment must be reversed.

Mikoll, J. P., Yesawich Jr. and Levine, JJ., concur.

Casey, J. (concurring). I agree that plaintiff, as Rabobank's assignee, is entitled to assert the rights of a holder in due course, but not because defendants failed to demonstrate the existence of a genuine defense to the note. Indeed, it would not be necessary to determine whether Rabobank is a holder in due course, rather than merely a holder, unless there is a valid defense to the note *(see, First Intl. Bank v Blankstein & Son,* 59 NY2d 436, 444). It is my view that defendants presented sufficient evidence to create a question of fact as to whether Dreamstreet Corporation, the payee, agreed that payment of the balance of principal and interest "shall be funded solely from sale revenues of surplus animals", as provided in the private memorandum to investors furnished by Dreamstreet. Nevertheless, on constraint of this Court's holding in *DH Cattle Holdings Co. v Barrese* (191 AD2d 99), a case involving substantially similar facts, I conclude that as a matter of law Rabobank took the notes without notice of defendants' limited recourse claims and, therefore, was a holder in due course.

Ordered that the order is reversed, on the law, with costs to plaintiff, motion granted, cross motion denied, partial summary judgment awarded to plaintiff and it is declared that plaintiff is entitled to assert the rights of a holder in due course.