■ In the Matter of LILLIAN ROBERTS et al., Respondents, v JOHN J. MURPHY et al., Appellants. [762 NYS2d 343] —Judgment, Supreme Court, New York County (Emily Goodman, J.), entered December 3, 2002, which, insofar as appealed from, declared in favor of petitioner civil service unions and against

respondent New York City Employees' Retirement System that Tier IV Emergency Medical Technicians and Advanced Emergency Medical Technicians (EMTs), whose applications pursuant to Retirement and Social Security Law § 607-b for a service-related three-quarter disability pension have been denied by respondent, are entitled to a medical review of such adverse determinations pursuant to Retirement and Social Security Law § 605 (e), unanimously affirmed, without costs.

Retirement and Social Security Law § 607-b is not a "stand-alone" statute. It gives EMTs an enhanced pension for a service-related disability but contains no procedures for obtaining that benefit. Instead, it incorporates by reference Retirement and Social Security Law § 605 (c), which authorizes retirement systems to adopt appropriate procedures, including conducting medical examinations, for determining whether an employee is disabled. Since an EMT who applies for a section 607-b disability pension has resort to the procedures authorized by section 605 (c), he or she should also have resort to any amendment to those procedures (see American Bank v Goss, 236 NY 488, 493 [1923]). Such an amendment was made by the enactment of section 605 (e), which authorizes respondent to adopt rules for a postdetermination medical review of disability applications made pursuant to section 605. We reject respondent's argument that because the amendment to section 605 was not to subdivision (c), but created a new subdivision (e) to which no reference is made in section 607-b, the amendment does not apply to section 607-b applications. By its terms, section 605 (e) applies without exception to those of respondent's members who, like Tier IV EMTs, must "file[ ]" their disability applications "pursuant to this section," i.e., utilize the procedures authorized by section 605 (c). We note that section 605 (e) was enacted after section 607-b (compare Retirement and Social Security Law § 605-b [b] [3]), and find that no legislative intent to deprive EMTs of the extra measure of medical review afforded by section 605 (e) is evinced by the absence of an amendment to section 607-b incorporating section 605 (e) (cf. I-T-E Imperial Corp. v Bankers Trust Co., 51 NY2d 811 [1980]). Concur—Andrias, J.P., Williams, Lerner, Friedman and Marlow, JJ.