■ LeChase Data/Telecom Services, LLC, on its Own Behalf and on Behalf of All Others Similarly Situated,

Respondent-Appellant, v DANIEL GOEBERT et al., Defendants, and BUSINESS FUNDING GROUP, INC., Appellant-Respondent. (Action No. 1.) LECHASE DATA/TELECOM SERVICES, LLC, on its Own Behalf and on Behalf of All Others Similarly Situated, Respondent-Appellant, v MARK BURGHOLZER, Doing Business as BUSINESS FUNDING GROUP, Appellant-Respondent. (Action No. 2.) [785 NYS2d 222]—

Appeal and cross appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered October 7, 2003. The order denied the motion of plaintiff and the cross motion of defendants Business Funding Group, Inc. and Mark Burgholzer, doing business as Business Funding Group, for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion and dismissing the second amended complaint in action No. 1 against defendant Business Funding Group, Inc. and the complaint in action No. 2 and as modified the order is affirmed without costs.

Memorandum: Business Funding Group, Inc. (Business Funding) and Mark Burgholzer, doing business as Business Funding Group (collectively, defendants), appeal and plaintiff cross-appeals from an order of Supreme Court that, inter alia, denied plaintiff's motion for summary judgment in action Nos. 1 and 2 and denied defendants' cross motion for summary judgment dismissing the second amended complaint in action No. 1 against Business Funding and the complaint in action No. 2. We conclude that the court properly denied plaintiff's motion but erred in denying defendants' cross motion.

In October 1999, defendant MCI Worldcom Network Services, Inc. (MCI) entered into an agreement with Light House Communication Design, Inc. (Light House) to design and construct fiber optic telecommunications networks in Monroe County

(MCI Project). In connection with the MCI Project, Light House entered into an accounts receivable purchase agreement (factoring agreement) dated January 31, 2000 with Business Funding. Pursuant to the factoring agreement, Business Funding was to advance funds to Light House in return for an assignment of certain MCI accounts receivable. Subsequently, pursuant to an agreement dated September 15, 2000, Light House subcontracted with plaintiff to perform the labor and provide the materials necessary to furnish, install and test two of the fiber optic cable networks that Light House designed for the MCI Project. Plaintiff completed its work under the subcontract by February 2001 but was not paid all sums owed to it by Light House, which is now bankrupt. On August 8, 2001, plaintiff filed mechanics' liens for the sums allegedly remaining due.

Plaintiff thereafter commenced action No. 1 against Business Funding and others, alleging in its fourth and fifth causes of action that the funds received by Light House from MCI, which were paid to Business Funding pursuant to the factoring agreement, constituted trust funds pursuant to Lien Law § 70 and that Business Funding should have held those funds as trustee for plaintiff. Plaintiff further alleged that those funds were unlawfully diverted to Business Funding by Light House and that Business Funding knew or should have known of the unlawful diversion. Plaintiff also commenced action No. 2 against Burgholzer and set forth allegations similar to those contained in its second amended complaint in action No. 1.

Plaintiff moved for summary judgment, contending that defendants knew or should have known that the payments that they were receiving from MCI were for contracts for the design and construction of improvements to real property such that defendants are liable to plaintiff for the diversion of statutory trust funds. Defendants opposed the motion and cross-moved for summary judgment dismissing the second amended complaint in action No. 1 against Business Funding and the complaint in action No. 2, contending that they were entitled to judgment as a matter of law inasmuch as Lien Law § 72 (1) exempts from Lien Law article 3-A any "purchaser[s] in good faith for value and without notice that a transfer to [them was] a diversion of trust assets."

It is well settled that a plaintiff must establish actual notice to overcome the defense that one was a purchaser in good faith under the Lien Law (*see I-T-E Imperial Corp.—Empire Div. v Bankers Trust Co.*, 51 NY2d 811, 813-814 [1980]; *Bank of Babylon v Zaffuto Constr. Co.*, 157 AD2d 640 [1990]; *see also Colonia Ins. Co. v United States*, 1996 WL 68533, *4-5, 1996 US

Dist LEXIS 20290, *14-15 [ED NY Jan. 25, 1996]). We conclude that plaintiff did not meet its initial burden of establishing that defendants had actual notice that Light House was involved in construction or that the funds were trust assets (*see I-T-E Imperial Corp.—Empire Div.*, 51 NY2d at 814; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). At most, plaintiff established that defendants knew that Light House's business was related to the construction industry.

Defendants, however, established as a matter of law that they are entitled to summary judgment dismissing the second amended complaint in action No. 1 against Business Funding and the complaint in action No. 2 based upon their Lien Law § 72 (1) defense, and plaintiff failed to raise an issue of material fact in opposition (*see generally Alvarez*, 68 NY2d at 324). Defendants established that Burgholzer did not know that Light House was involved in construction when Business Funding entered into the factoring agreement with Light House. Furthermore, there is no evidence that Burgholzer knew that the accounts receivable constituted trust assets under the Lien Law (*see I-T-E Imperial Corp.—Empire Div. v Bankers Trust Co.*, 73 AD2d 861 [1980], *affd* 51 NY2d 811 [1980]). Finally, contrary to the contention of plaintiff, defendants had no duty of inquiry that would prevent them from invoking the defense of a purchaser in good faith (*see I-T-E Imperial Corp.—Empire Div.*, 51 NY2d at 813-814). We therefore modify the order by granting defendants' cross motion for summary judgment dismissing the second amended complaint in action No. 1 against Business Funding and the complaint in action No. 2, and we otherwise affirm. Present—Pigott, Jr., P.J., Pine, Scudder, Martoche and Lawton, JJ.